UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY GENE DRAKE,

        Petitioner,

v.                                        CASE No. 14-12300

STEVEN RIVARD,                    HONORABLE GERSHWIN A. DRAIN

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO
HOLD HIS HABEAS PETITION IN ABEYANCE** (Doc. 3)
**AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

**I.  INTRODUCTION**

Petitioner Billy Gene Drake recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 and a motion to hold the habeas petition in abeyance.  The petition and exhibits indicate that, in 2011, Petitioner was convicted of first-degree murder, assault with intent to commit murder, and felony firearm in St. Clair County, Michigan.  On April 13, 2011, the trial court sentenced Petitioner to life imprisonment for the murder conviction, forty to eighty years in prison for the assault conviction, and two years in prison for the felony firearm conviction.

On appeal from his convictions, Petitioner argued that (1) his trial attorney was ineffective for failing to object to hearsay, (2) the trial court erroneously denied his request for a jury instruction on manslaughter, and (3) the trial court deprived him of his right to confront a witness by ruling that the witness was unavailable.  The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* opinion, *see People v. Drake*, No. 303941 (Mich. Ct. App. June 19, 2012), and on December 26, 2012, the Michigan Supreme Court denied leave to appeal.  *See People*

*v. Drake*, 493 Mich. 919; 823 N.W.2d 598 (2012) (table).

On June 11, 2014, Petitioner filed his habeas corpus petition and motion to hold his habeas petition in abeyance. The habeas petition raises the same three issues that Petitioner raised on direct appeal from his convictions. Petitioner, nevertheless, would like the Court to hold his habeas petition in abeyance because he raised three additional claims in a motion for relief from judgment on March 18, 2014, and that motion remains pending in the state trial court.

## II. DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 535 (2012). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. Consequently, to be properly exhausted, each claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 418-19 (6th Cir. 2009).

Petitioner apparently has exhausted state remedies for the three claims set forth in his habeas petition, but he has not exhausted state remedies for the three claims that he raised in his motion for relief from judgment and would like to add to his habeas petition. A dismissal of this case while Petitioner pursues additional state remedies for the three unexhausted claims could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations for

filing a habeas petition. *See* 28 U.S.C. § 2244(d). In similar circumstances, some courts have adopted a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Under this approach, a court stays the federal proceedings and holds the habeas petition in abeyance while the inmate pursues state remedies for his or her unexhausted claims. *Id*. After the state court completes its review of the inmate's claims, the federal court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275-76.

Federal district courts have authority to issue stays, *id*. at 276, and it likely would be an abuse of discretion to deny a stay and to dismiss a petition for failure to exhaust state remedies when the petitioner has good cause for his failure to exhaust state remedies, his unexhausted claims are potentially meritorious, and he is not engaged in intentionally dilatory litigation tactics. *Id*. 278. The petitioner's interest in obtaining federal review of his claims in those circumstances "outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*.

Petitioner is currently attempting to exhaust state remedies for the following three claims: (1) trial counsel was ineffective for failing to investigate and present a defense; (2) trial counsel was ineffective for failing to retain an expert witness; and (3) appellate counsel was ineffective for failing to raise the issues about trial counsel on direct appeal. These claims are not plainly meritless, and Petitioner maintains that appellate counsel was "cause" for his failure to raise his unexhausted claims about trial counsel on direct appeal. It further appears that Petitioner is not engaged in dilatory litigation tactics and that, if the Court dismissed the habeas petition, a future petition could be time-barred.

The Court concludes that it would be an abuse of discretion not to stay these proceedings while Petitioner pursues additional state remedies. Accordingly,

IT IS ORDERED that Petitioner's motion to hold his habeas corpus petition in abeyance (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that, if Petitioner is unsuccessful in state court, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order. An amended petition and motion to re-open this case must be filed within **ninety (90) days** of exhausting state remedies for Petitioner's new claims.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's exhausted claims.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT

Dated: July 9, 2014